UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JOYCE ONORATA BONHAG on behalf of the
Estate of Peter Bonhag, Decedent, and JOYCE
ONORATA BONHAG,

                Plaintiffs,

     -against-

ANTHONY COLAVITA, Jr., individually,
ANN MARIE BERG, individually, and the
TOWN OF EASTCHESTER, New York,

                Defendants.
------------------------------------------------------------x

**ORIGINAL**

07 Civ **07 CIV. 5714**

**COMPLAINT**

**ROBINSON**

**Jury Trial Demanded**

Plaintiff JOYCE ONORATA BONHAG on behalf of the Estate of Peter Bonhag, Decedent and JOYCE ONORATA BONHAG, by their attorneys Lovett & Gould, LLP, for their complaint respectfully state:

### NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages, proximately resulting from the conduct of Defendants, as taken in concert under color of the laws of the State of New York, for violations of Plaintiffs' rights as guaranteed by the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. 1983.

### JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

7

## THE PARTIES

3. Plaintiff JOYCE ONORATA BONHAG (hereinafter "Plaintiff") is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. At all times relevant to this complaint she was actively involved in, and a District Leader of, the Republican Party in the Defendant Town until 2005. She is also the duly appointed fiduciary of the Estate of Peter Bonhag (hereinafter "Peter"), her husband who died on March 16, 2007. In that connection she was appointed as such by a May 4, 2007 2007, order of the Surrogate's Court for the County of Westchester, New York.

4. Defendant ANTHONY COLAVITA, Jr. (hereinafter "Colavita, Jr."), who is sued in his individual and personal capacities only, at all times relevant to this complaint (except as otherwise expressly stated) was the duly elected Supervisor of the Town of Eastchester, New York. He is a Republican.

5. Defendant ANN MARIE BERG (hereinafter "Berg"), who is sued in her individual and personal capacities only, at all times relevant to this complaint was the Town Comptroller of the Town of Eastchester, New York.

6. Defendant TOWN OF EASTCHESTER, New York (hereinafter "Town") is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

## THE FACTS

7. Prior to Colavita, Jr.'s election as Town Supervisor, his father Anthony Colavita, Sr. (hereinafter "Colavita, Sr.") and Colavita, Sr's sister (Anne), became engaged in a bitter intra-Republican Party adversarial relationship with one Joseph Ferone who at the time

7

employed Plaintiff as a legal secretary. Supportive of Ferone were James Cavanaugh (hereinafter "Cavanaugh"), and the Plaintiff.

8. Thereafter Plaintiff successfully coordinated the election campaign of Cavanaugh who as a result was elected to the position of Town Supervisor.

9. During Cavanaugh's tenure as Supervisor, Colavita, Jr. as an elected member of the Town Board determined to run against Cavanaugh for the Supervisor position in 2003 and in that connection he "advanced" the intra-Republican Party hostilities by *inter alia* targeting Plaintiff (then Cavanaugh's assistant and once again his campaign manager) for repeated false criticism - - claiming that she routinely failed to deliver to him documents needed for purposes of discussion at up-coming Town Board meetings.

10. Also during that election campaign, and because Colavita, Jr. publicly and intentionally falsely criticized the Cavanaugh administration of wrong-doing in connection with the development of a sports area (Haindl Park) Peter Bonhag (at the time the Town's Highway Superintendent) at personal expense and in his capacity as a concerned resident/taxpayer privately mailed to the Town's residents a statement advocating Cavanaugh's re-election and criticizing Colavita, Jr. for make the false accusations regarding the Cavanaugh administration.

11. Colavita, Jr. won that election, following which Plaintiffs employment by the Town ceased. In that connection Colavita, Jr. and Berg by agreement struck on or about September 28, 2005, determined to take retaliatory action against Plaintiff and Peter by reason of:

> i) Plaintiff 's partisan political activities, including her work as a District Leader, her conduct of Cavanaugh's successful election campaign, and her conduct of Cavanaugh's subsequent, unsuccessful election campaign, and,

7

ii) Peter's advocacy, as a citizen/taxpayer, of Cavanaugh's re-election and Colavita, Jr.'s defeat as well as Peter's expression of concern that Colavita, Jr. was purposefully lying to the public regarding Haindl Park.

12. In furtherance of Defendants' retaliatory plan and on September 28, 2005, Berg (with the encouragement, approval, and concurrence of Colavita, Jr.) filed civil service disciplinary charges against Peter with the objective of punitively terminating his employment. The charges, the language of which was specifically approved by Colavita, Jr., in substance accused Peter of failing to enforce the terms of a January 7, 2003, contract entered into between the Town and Shawn's Laws, Inc. for the purpose of upgrading "Haindl Park's existing sports fields" - - even though the contract, which Colavita, Jr. (an attorney) had personally reviewed and as to substantive content personally approved, was legally unenforceable since every material provision of the contract was embodied only in "WHEREAS" clauses rather than in substantive provisions of the contract.

13. Also in furtherance of Defendants' retaliatory plan Berg and Colavita suspended Peter without pay for thirty days. Subsequently and with a view towards further punishing Peter for having engaged in First Amendment protected activity and/or by reason of Plaintiff's having engaged in First Amendment protected activity, Berg and Colavita, Jr. summarily reduced his full-time job responsibilities to part-time and slashed his annual compensation by approximately $60,000.

14. On January 17, 2006, in furtherance of the Defendants' retaliatory plan, Berg (with the concurrence, encouragement, and agreement of Colavita, Jr.) served Peter with "Amended" disciplinary charges - - which suffered from the same self-evident deficiency regarding the unenforceable, underlying agreement between the Town and Shawn's Lawns, Inc.

15. Over the course of the following months that disciplinary proceeding was conducted, at considerable expense to Peter. Following completion of testimony at the hearing, and prior to the anticipated termination of Peter's employment (Berg and Colavita, Jr. had already removed Peter's name from the Town's website and official documents), Peter suffered a fatal heart attack and died on March 16, 2007.

16. Following Peter's death Berg and Colavita, Jr, acting on behalf of the Town:

   a. For months refused to pay to Plaintiff moneys owed by the Town by reason of sick leave time that Peter had accrued,

   b. Refused to pay to Plaintiff additional moneys owed by the Town by reason of other leave time that Peter had accrued,

   c. For the first time advised Plaintiff (having never previously notified Peter) that they had without any notice cancelled a life insurance policy that the "Town was required to carry on Peter's life, and *inter alia*,

   d. Advised Plaintiff that by reason of Peter's thirty-day payless suspension he did not - - and in turn Plaintiff did not - - have any entitlement to medical benefits which he and she otherwise would have enjoyed for life substantially at the Town's expense.

17. As a proximate result of Defendants' conduct Peter was forced to endure: pecuniary losses; public humiliation; public shame; public embarrassment; anxiety; emotional distress; punishment for exercising his rights as guaranteed by the First Amendment to the United States Constitution; and was otherwise rendered sick and sore.

18. As a proximate result of Defendants' conduct Plaintiff was forced to endure: pecuniary losses; loss of insurance benefits; intentional impairment of her First and

Fourteenth Amendment-protected right of intimate association with Peter; emotional upset; public humiliation; public embarrassment; and was otherwise rendered sick and sore.

### AS AND FOR A FIRST CLAIM
### ON BEHALF OF PLAINTIFF

19. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "18", inclusive.

20. Under the premises Defendants' conduct violated Plaintiffs right of intimate association as guaranteed her by the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983.

### AS AND FOR A SECOND CLAIM
### ON BEHALF OF THE ESTATE

21. Repeat and reallege as if fully set forth the allegations of fact contained in paragraph "11(i)".

22. Under the premises on a third-party standing basis Defendants' conduct violated Decedent's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

### AS AND FOR A THIRD CLAIM
### ON BEHALF OF THE ESTATE

23. Repeat and reallege as if fully set forth the allegations of fact contained in paragraph "11(ii)".

24. Under the premises Defendants' conduct violated Peter's rights as guaranteed by the First Amendment of the United States Constitution, 42 U.S.C. § 1983.

WHEREFORE a judgment is respectfully demanded:

a. Awarding against the individually named Defendants such punitive damages as the jury may impose,

b. Awarding against all Defendants such compensatory damages as the jury may determine,

c. Awarding against all Defendants reasonable attorney's fees and costs, and,

d. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
June 6, 2007

>LOVETT & GOULD, LLP
Attorneys for Plaintiffs
By: _____
Jonathan Lovett (4854)
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401