UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOYCE ONORATA BONHAG on behalf of the Estate
of Peter Bonhag, and JOYCE ONORATA BONHAG,

       Plaintiff,

 -against-

ANTHONY COLAVITA, JR., individually, ANN MARIE BERG, individually, and the TOWN OF EASTCHESTER, New York,

       Defendants.
------------------------------------------------------------------x

**ANSWER**

Docket No.
07 Civ. 5714 (SCR)

  Defendants, by their attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS, LLP, as and for their answer to the complaint in the above-referenced action, sets forth as follows:

  1. Deny the allegations contained in ¶ "1" of the complaint, and refer all questions of law to the Court for adjudication.

  2. Deny the allegations contained in ¶ "2" of the complaint, and refer all questions of law to the Court for adjudication.

  3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ "3" of the complaint.

  4. Admit the allegations contained in ¶ "4" of the complaint.

  5. Admit the allegations contained in ¶ "5" of the complaint.

  6. Admit the allegations contained in ¶ "6" of the complaint.

  7. Deny the allegations contained in ¶ "7" of the complaint.

  8. Deny the allegations contained in ¶ "8" of the complaint.

9. Deny the allegations contained in ¶ "9" of the complaint.

10. Deny the allegations contained in ¶ "10" of the complaint.

11. Deny the allegations contained in ¶ "11" of the complaint.

12. Deny the allegations contained in ¶ "12" of the complaint.

13. Deny the allegations contained in ¶ "13" of the complaint.

14. Deny the allegations contained in ¶ "14" of the complaint.

15. Deny the allegations contained in ¶ "15" of the complaint.

16. Deny the allegations contained in ¶ "16" of the complaint.

17. Deny the allegations contained in ¶ "17" of the complaint, and refer all questions of law to the Court for adjudication.

18. Deny the allegations contained in ¶ "18" of the complaint, and refer all questions of law to the Court for adjudication.

## FIRST CLAIM

19. As and for a response to the allegations contained in ¶ "19" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "18" of the complaint, as though they were fully set forth herein.

20. Deny the allegations contained in ¶ "20" of the complaint, and refer all questions of law to the Court for adjudication.

## SECOND CLAIM

21. As and for a response to the allegations contained in ¶ "21" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶ "11(i)" of the complaint, as though they were fully set forth herein.

22.     Deny the allegations contained in ¶ "22" of the complaint, and refer all questions of law to the Court for adjudication.

### THIRD CLAIM

23.     As and for a response to the allegations contained in ¶ "23" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶ "11(ii)" of the complaint, as though they were fully set forth herein.

24.     Deny the allegations contained in ¶ "24" of the complaint, and refer all questions of law to the Court for adjudication.

### FIRST AFFIRMATIVE DEFENSE

25.     Plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFEFNSE

26.     Plaintiff lacks standing.

### THIRD AFFIRMATIVE DEFENSE

27.     The individual defendants are protected by the doctrine of qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE

28.     Plaintiff many not recover punitive damages against a municipality.

### FIFTH AFFIRMATIVE DEFENSE

29.     To the extent that plaintiff alleges state law claims, such claims are barred by plaintiff's failure to file a notice of claim pursuant to the New York General Municipal Law.

### SIXTH AFFIRMATIVE DEFENSE

30.     Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

31. To the extent that plaintiff seeks equitable relief, her claim is barred by laches.

## EIGHTH AFFIRMATIVE DEFENSE

32. To the extent that plaintiff seeks equitable relief, her claim is barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

33. To the extent that plaintiff seeks recovery for her own loss of employment, the position she held was a confidential, policy-making position that the law allows to be filled based on political affiliation.

Dated: Mineola, New York
July 25, 2007

                MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS, LLP
                Attorneys for Defendants

                By: _____
                    BRIAN S. SOKOLOFF (bss-7147)
                240 Mineola Boulevard
                The Esposito Building
                Mineola, New York 11501
                (516) 741-7676
                Our File No. 07-458

TO: LOVETT & GOULD
      Attorneys for Plaintiff
      222 Bloomingdale Road
      White Plains, New York 10605

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK        )
                         ) s.s.:
COUNTY OF NASSAU         )

**MERLISA ANDREWS**, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Jamaica, New York.

That on July 25, 2007, deponent served the within **ANSWER** upon:

> LOVETT & GOULD
> Attorneys for Plaintiff
> 222 Bloomingdale Road
> White Plains, NY 10605

the addresses designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
MERLISA ANDREWS

Sworn to before me this 25th day
Of July, 2007.

_____
NOTARY PUBLIC

GABRIELLA CAMPIGLIA
Notary Public, State of New York
No. is 02CA6144909
Qualified in Nassau County
Commission Expires May 01, 2010